IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  8:09CR252 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| REFUGIO M. PEREZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF 126, filed by the Defendant, Refugio M. Perez.  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Perez pled guilty to Counts II and III of the Second Superseding Indictment, and entered into a plea agreement in which he stipulated to a sentence of 97 months pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  He was sentenced accordingly on October 5, 2015, *i.e.*, 30 months on Count II and 60 months on Count III to run consecutively, and three years of supervised release on each count, to run concurrently.  He did not file any direct appeal.

On October 21, 2016, he filed the pending Motion, seeking a reduction in his sentence based on Amendment 794 to U.S.S.G. § 3B1.2, effective November 1, 2015.  He

argues that his attorney should have sought a mitigating role reduction under § 3B1.2, and that Amendment 794, providing guidance for a fact-based determination of mitigating role eligibility, should apply retroactively, giving rise to resentencing.

First, 28 U.S.C. § 2255 provides that a § 2255 motion must be filed within one year of, in relevant part, "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Because Perez's judgment was entered on October 5, 2015, and he did not appeal that judgment, his § 2255 motion was due on or before October 5, 2016. He acknowledges that he did not mail his pending Motion until October 18, 2016, but he argues that because Amendment 794 was effective on November 1, 2015, he should have one year from that date to submit his Motion.

Even if Perez's Motion were to be considered timely, it lacks merit. To the extent that he argues that his counsel was ineffective for not seeking a mitigating role reduction, he has not satisfied the prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687–89. The prejudice prong requires Perez to demonstrate that his counsel's seriously deficient performance prejudiced his defense. *Id*. at 687. He has demonstrated neither. Perez executed the plea agreement, stipulating to the sentence imposed, and his plea colloquy demonstrated that he did so knowingly, voluntarily, and intelligently, and that he was satisfied with the performance of his counsel. There is no suggestion that Perez's counsel performed outside the wide range of reasonable professional assistance or made errors so serious that he failed to

function as the kind of counsel guaranteed by the Sixth Amendment. *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012) ("There is a 'strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance.'") (quoting *Strickland*, 466 U.S. at 689). Nor has Perez demonstrated any reasonable probability that the result of the proceedings would have been different, but for counsel's alleged ineffective assistance.

With respect to Perez's argument that Amendment 794 should apply retroactively, giving rise to resentencing, he cites no authority for that proposition, and the Court finds none.

## CONCLUSION

Perez's § 2255 motion is untimely. Moreover, even if the motion were timely, it plainly appears from the § 2255 motion and the record that Perez is not entitled to relief. Therefore, the motion must be summarily dismissed.

IT IS ORDERED:

1. The Court has completed the initial review of Refugio M. Perez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF 126;

2. Upon initial review, the Court summarily dismisses Perez's claims raised in the § 2255 motion;

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 30th day of December, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge